IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANN ELIZABETH THEBERGE-DEER, | |
| Plaintiff, | |
| vs. | Case No. 08-CV-2-FHM |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

The Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) filed by Plaintiff's counsel, [Dkt. 23] is before the court for decision. The Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) is GRANTED.

The court remanded this case to the Commissioner for further administrative action, pursuant to sentence four of 42 U.S.C. § 406(g). [Dkt. 19]. On September 9, 2009, the Commissioner issued a fully favorable decision. Counsel's motion for relief under Rule 60(b)(6) was filed just over a month after the issuance of the decision. Counsel represents that, as of the date of filing the instant motion, the Notice of Award containing the amount of past due benefits has not been received. Consequently, the amount of the contingent attorney fee cannot be ascertained. Counsel requests an order allowing the filing of the motion for 406(b) fees within sixty days of receipt of the Notice of Award. In response to the instant motion, "[t]he Commissioner declines to assert a position on this request." [Dkt. 24, p. 1]. However, the Commissioner asks the Court to deny the motion. [Dkt. 24, p. 2]. The Commissioner reasons that granting counsel permission to file a §406(b) motion for fees in the future may impact the ability to object to the timeliness of that motion.

To the extent the Commissioner argues that the instant motion should be denied as unripe because the appropriate date from which to measure the timeliness of a motion filed under Fed. R. Civ. P. 60(b)(6) is the date of the Notice of Award, that argument is rejected. In *McGraw v. Barnhart* the Court stated the calculation of a reasonable time is measured from the date of the Commissioner's decision awarding benefits. 405 F.3d 493, 505 (10th Cir. 2006); *see also Early v. Astrue*, 295 Fed.Appx. 916, 919, 2008 WL 4492602 *3 (C.A. 10). To the extent that the Commissioner's response can be read as an objection to the requested order because the time frame for filing a request for fees under §406(b) is open-ended, that objection is also rejected. The instant motion requests a period of 60 days from the date of counsel's receipt of the Notice of Award, which the court finds is reasonable. Counsel has no control over the timing of the issuance of the Notice of Award. The issuance of the Notice of Award is a task within the Commissioner's purview and entirely within the Commissioner's control. The Commissioner's delay in issuing that Notice does not present a rational reason for the court to deny counsel permission to promptly file the motion for fees which is dependent on the issuance of the Notice.

In addition, this court has commented on what it views as the appropriate action to take when circumstances as are present in this case prevent the filing of a 406(b) motion. In *Bernal v. Astrue*, 611 F.Supp.2d 1217, 1220 (N.D. Okla. 2009), the court stated:

> So it will be abundantly clear and so there will be no question about the issue in the future, counsel is placed on notice that a reasonable time for filing a motion under Rule 60(b)(6) for consideration of a motion for fees under §406(b)(1) will be considered in terms of weeks or months, not years. Further, the calculation of a reasonable time is measured from the date of the Commissioner's decision awarding benefits. *McGraw*, 405 F.3d at 505; *Early*, 2008 WL 4492602 at *3. In the event that circumstances arise that impact the accurate calculation

2

> of §406(b)(1) fees, it is appropriate to promptly file the motion for fees and to advise the court of the relevant circumstances.

(footnote omitted). Counsel's motion is a reasonable application of the instructions in *Bernal*.

The Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) filed by Plaintiff's counsel, [Dkt. 23] is GRANTED. A motion for an attorney fee award under §406(b), together with the required notice to Plaintiff and statement concerning any objection thereto, may be filed within 60 days of the Notice of Award.

SO ORDERED this 11th day of March, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE