IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ANN ELIZABETH THEBERGE-DEER,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 08-CV-2-FHM

**OPINION AND ORDER**

Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. 26] is before the court for decision. The motion is GRANTED as set forth herein.

On March 11, 2010, the court granted counsel's motion for relief pursuant to Fed. R. Civ. P. 60(b)(6) which granted counsel permission to file the instant motion within 60 days of the Notice of Award issued by the Social Security Administration in this case. [Dkt. 25]. The attachments to the instant motion reflect that after counsel filed the motion for relief under 60(b)(6), but before the court's order, a Notice of Award dated December 28, 2009, was issued for Plaintiff's benefits. [Dkt. 26-2]. A Notice of Award for child's benefits was issued on April 5, 2010. [Dkt. 26-3]. The instant motion was filed within the time frame set out by the court's earlier order.[1]

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A)

---

[1] For future reference, when more than one Notice of Award is expected, counsel should specifically and clearly advise the Court of that fact.

provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

Counsel seeks approval of an attorney fee award of $6,504 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee agreement between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, [Dkt. 27, p. 1], and Plaintiff has expressed she does not object to an award in the amount of $6,504. [Dkt. 27, p. 3].

The undersigned concludes that a fee award of $6,504 is reasonable. That fee is 19.5 percent of Plaintiff's past due benefit award,[2] comports with the agreement between counsel and Plaintiff, and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $271 per hour for 24 hours of work performed before the district court, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid.

The Court previously granted Plaintiff's application for an award of $ 4,297 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. [Dkt. 22]. The EAJA award was paid by the Social Security Administration, at no cost to Plaintiff. When the amount of the EAJA fee award, $4,297 is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is an out-of-pocket payment from Plaintiff of $ 2,207 which is less than 7 percent of her past due benefits.

An Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) 21] is GRANTED, as follows:

Counsel is awarded $6,504 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,*

---

[2] The percentage calculation does not take in to account the past due child's benefits award. The Notice of Award for the child's benefit states: "there are no past due benefits available to be paid to the representative." [Dkt. 26-3, p. 2].

803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $4,297 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 28th day of April, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE